IN THE UNITED STATES DISTRICT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ERIN VECCHIO,                                              Civil Action No.

              Plaintiff,

     v.

PENNSYLVANIA DEPARTMENT
OF REVENUE, and
ANTHONY M. DELUCA, in his official
and individual capacities,

              Defendants.              JURY TRIAL DEMANDED

## CIVIL COMPLAINT

Plaintiff, Erin Vecchio, by undersigned counsel files this Civil Complaint and in support alleges the following:

### I. Jurisdiction

1. This Court has original jurisdiction over the federal claims asserted herein pursuant to 28 U.S.C. §1331 and supplemental jurisdiction over the remaining state claims pursuant to 28 U.S.C. §1367(a).

### II. Venue

2. Venue is proper in the Western District of Pennsylvania, in that all parties are found to be in, and this action arises out of events that occurred in, Allegheny County.

### III. Parties

3. Plaintiff, Erin Vecchio, is an adult individual, who resides at 231 Garlow Drive, Pittsburgh, Pennsylvania 15235 and was the former Tax Account Collections Manager for Defendant, Pennsylvania Department of Revenue.

4.  Defendant, Pennsylvania Department of Revenue (Defendant Dept. of Revenue), is a department of the Commonwealth of Pennsylvania which is responsible for administering the Commonwealth's tax laws, having its business offices located at Room 104, State Office Building, 300 Liberty Avenue, Pittsburgh, Pennsylvania 15222-1210.

5.  Defendant, Anthony M. Deluca (Defendant Deluca), is an adult individual who resides at 1438 Homestead Drive, Verona, Pennsylvania, 15147, and at all times relevant was a member of the Pennsylvania House of Representatives, representing the 32nd Legislative District, Allegheny County.

### IV.  Facts

6.  Vecchio was first employed by Defendant Dept. of Revenue on March 21, 2006 and continued her employment until her termination, effective on August 28, 2009.

7.  On December 8, 2008, pursuant to a subpoena, Vecchio testified against Defendant Deluca in connection with a grand jury investigation against him.

8.  Within a week of testifying against Deluca, Vecchio received a bad evaluation from Cheryl Mazza, Area Operations Director, for not putting commas in the correct place.

9.  On January 5, 2009, at a Penn Hills council meeting, Defendant Deluca blamed Vecchio for starting the grand jury investigation of him.

10. On February 2, 2009, Defendant Deluca called Vecchio on her cell phone and threatened that he would make sure she lost her job if she did not listen to him.

11. Beginning in February 2009, Vecchio's new immediate supervisor, Dale Simpson, began to ridicule and harass Vecchio at work.

12. On February 10, 2009, Vecchio called the Office of Attorney General to report the continual harassment she suffered at work.

13. In March 2009, James Ellenbogen, Area District Manager, told Lou Petronsky, Supervisor of the Recovery Unit, that Vecchio should not have testified against Defendant Deluca.

14. On March 9, 2009, Vecchio informed Simpson that Ellenbogen made remarks about her to Petronsky. In response, Simpson did nothing and advised Vecchio to "ignore" Ellenbogen.

15. In April 2009, Defendant Deluca continued to tell others that Vecchio had started the grand jury investigation against him.

16. In May 2009, Defendant Deluca caused a letter to be circulated to the residents of the First Ward of Penn Hills, a primarily African American community, accusing Vecchio of being a racist.

17. On May 19, at the voting polls, Defendant Deluca threatened Vecchio's son with bodily harm and told Vecchio's son that he should be worried about keeping his own job.

18. In June 2009, James Ellenbogen accused Vecchio of telling her employees to lie and referred to Vecchio's employees as "a bunch of misfits."

19. On July 13, 2009, Ellenbogen told one of Vecchio's subordinates that he "felt sorry" because he worked for Vecchio.

20. In July 2009, Vecchio emailed Simpson regarding the following:

    a. Ellenbogen's voice mails to Vecchio wherein he told her to "show me your tits;" and

    b. Ellenbogen's statements to others that Vecchio should not have

testified against Defendant Deluca.

21. Soon thereafter, Vecchio met with Mazza about her email to Simpson. During their meeting, Vecchio informed Mazza about the matters raised in her email in addition to the following:

    a. Ellenbogen's reference to Simpson as a "n---ger;" and

    b. Ellenbogen's constant harassment of Vecchio.

22. On August 3, 2009, Simpson and Mazza questioned Vecchio about Ellenbogen's harassment and any effects on Vecchio's health.

23. On August 14, 2009, after Vecchio was notified of her termination, Simpson, told her that she was terminated because of "politics."

24. On August 19, 2009, Joe Brimmier, Head of the Pennsylvania Turnpike, called Vecchio and told her that he had no involvement in the decision to fire her. Brimmier also told Vecchio that Defendant Deluca approached Brimmier and asked Brimmier if there is anything Brimmier "could do to Vecchio."

### COUNT I
### 42 U.S.C. §1983
### FIRST AMENDMENT RETALIATION

25. Plaintiff incorporates paragraphs 1 through 24 as though the same had been fully set forth at length herein.

26. Defendant Dept. of Revenue discharged Vecchio effective August 28, 2009.

27. Speech about corruption, wrongdoing, misconduct, wastefulness or inefficiency by other government employees, is inherently a matter of public concern and therefore constitutionally protected speech.

28. Vecchio's testimony in connection with the grand jury investigation constituted "protected activity" under the First Amendment.

29. Defendants became aware that Vecchio had testified in connection with the grand jury investigation of Deluca.

30. Vecchio's testimony regarding Deluca was a substantial or motivating factor in Defendant Dept. of Revenue's decision to terminate her employment.

31. Defendant Dept. of Revenue was acting under color of law, and its decision to terminate Ms. Vecchio deprived her of her rights in violation of 42 U.S.C. §1983 and the First Amendment of the United States Constitution.

32. Defendant Dept. of Revenue's decision to terminate Vecchio is the type of activity that would keep a person of ordinary firmness from exercising her Fist Amendment rights.

WHEREFORE, Plaintiff demands judgment as follows:

a. That Plaintiff be awarded actual and consequential damages including lost wages in an amount to be proven at trial, plus interest;

b. That Plaintiff be awarded compensatory damages to compensate for pain, suffering, emotional distress and humiliation Plaintiff has suffered as a result of Defendants' conduct;

c. That Plaintiff be awarded against Defendants the costs and expenses of this litigation, and, pursuant to 42 U.S.C. §1988, a reasonable attorney's fee;

d. That Defendant Dept. of Revenue be ordered to reinstate Plaintiff to the position of Tax Account Collections Manager or a comparable position;

e. That Plaintiff be awarded punitive damages from the individual Defendant because of the outrageous, unjustified and unlawful conduct of the individual Defendant and because the individual Defendant acted recklessly with regard to Plaintiff's rights;

    f.    That Plaintiff be awarded such further relief as this Court deems to be just and proper.

## COUNT II
## 43 P.S. §1423
## PENNSYLVANIA WHISTLEBLOWER LAW

33. Plaintiff incorporates paragraphs 1 through 32 as though the same had been fully set forth at length herein.

34. Vecchio was requested by the grand jury to participate in an ongoing investigation of Deluca.

35. Vecchio was terminated by Defendant Dept. of Revenue following her testimony before the grand jury.

36. Defendants knew that Vecchio participated in the grand jury investigation of Deluca.

37. Vecchio's testimony before the grand jury was a substantial or motivating factor in Defendant Dept. of Revenue's decision to terminate her employment.

38. Vecchio was terminated in violation of the Pennsylvania Whistleblower Law, 43 P.S. §1421 et seq.

WHEREFORE, Plaintiff demands judgment as follows:

    a.    That Plaintiff be awarded actual and consequential damages including lost wages in an amount to be proven at trial, plus interest;

    b.    That Plaintiff be awarded compensatory damages to compensate for pain, suffering, emotional distress and humiliation Plaintiff has suffered as a result of Defendants' conduct;

    c.    That Plaintiff be awarded against Defendants the costs and expenses of this litigation, and, pursuant to 42 U.S.C. §1988, a reasonable attorney's fee;

Case 2:09-cv-01425-AJS Document 40    Filed 11/06/2009    Page 6 of 7

    d.    That Defendant Dept. of Revenue be ordered to reinstate Plaintiff to the position of Tax Account Collections Manager or a comparable position;

    e.    That Plaintiff be awarded such further relief as this Court deems to be just and proper.

Respectfully submitted:

/s/ *Colleen Ramage Johnston*
Colleen Ramage Johnston
PA I.D. No. 64413

Nikki Velisaris Lykos
PA I.D. No. 204813

**Rothman Gordon, PC**
310 Grant Street, Third Floor
Pittsburgh, PA 15219
(412) 338-1131 – phone
(412) 246-1731 – fax

CRJohnston@rothmangordon.com
NVLykos@rothmangordon.com

Attorneys for Plaintiff

ND: 4842-6455-1940, v. 1 | 60368-001