IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ERIN VECCHIO,

    Plaintiff,

  v.

ANTHONY M. DELUCA in his official and
individual capacity and STEVEN H. STETLER
in his official and individual capacity.

    Defendants.

09cv1485
**ELECTRONICALLY FILED**

## Order of Court

Pending before this Court is plaintiff's Motion to Reconsider the Clerk of Court's Taxation of Costs (doc. nos. 125 and 126) in the amount of $3,114.82 in favor of defendant Anthony M. DeLuca, and in the amount of $2,608.20 in favor of defendant, Steven S. Stetler. Doc. No. 127. The Clerk of Court previously awarded costs in the total amount of $5,723.02, payable by plaintiff, after this Court granted summary judgment in favor of defendants and against plaintiffs. Doc. Nos 113-114. By way of history, although defendant DeLuca also previously sought an award of attorney's fees as a prevailing party, this Court denied said motion as untimely and for other reasons recounted in its Text-Order of October 19, 2010.

Plaintiff now seeks this Court to exercise its discretion to eliminate the assessment of costs under Fed. R. Civ. P. 54(d)(1), based upon her assertion that "she is not in a financial position to be able to pay any costs taxes against her in this case," because she has not yet secured gainful employment. While the potential indigency of a party is a factor a district court may consider in assessing whether to exercise its equitable powers, *In Re Paoli*, 221 F.3d 449, 462-463 (3d Cir. 2000), the losing party must also produce evidence to support its assertions.

Here, plaintiff has failed to set forth any concrete evidence in the form of affidavits, proof of income/expenses, or the like, justifying her position, and the Court will decline to reconsider the Clerk of Court's assessment of costs against her on this basis.[1]

As for plaintiff's other arguments that she pursued her claims against defendants in good faith, that she should not be penalized for doing so, that "it is extremely rare for Courts in the Western District of Pennsylvania to award costs to a prevailing party at the summary judgment stage," and that an award of costs against her may create a "chilling effect" on other plaintiffs bringing suit against political figures, this Court finds these arguments to be unconvincing. See *Reger v. Nemours Foundation, Inc*. 599 F.3d at 288-289; *In re Paoli*, 221 F.3d at 468 (district court may not consider "good faith" of losing party or potential for "chilling effect" on future litigation).

For these reasons, plaintiff's Motion to Reconsider Clerk of Court's Determination of Costs at doc. nos. 125 and 126 is DENIED, and said Orders of the Clerk of Court are AFFIRMED.

**SO ORDERED** this 4th day of January, 2011.

s/Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc:  All Registered ECF Counsel and Parties

---

[1] The United States Court of Appeals for the Third Circuit recently reiterated that an award of costs is strongly presumed, and the District Court need not write an opinion when it affirms a Clerk of Court's award of litigation costs. *Reger v. the Nemours Foundation, Inc*., 599 F.3d 285, 289 (3d Cir. 2010).